No. 8769.

## BELKNAP, ADM'R, v. CALDWELL, ADM'R, ET AL.

DECEDENTS' ESTATES.—*Trust and Trustee.*—*Life-Estate.*—*Remainder-Man.*— A. having a life-estate in lands, united with B., the remainder-man, in conveying it. B. received $1,200 of the purchase-money in cash, and took a note for $800, payable to himself at the death of A., bearing annual interest at 6 per cent., payable to A. Afterwards, B. became liable to A. for half this interest, and paid it. B. died, and his administrator, in a report, stated that he was requested to hold $400 assets of B.'s estate, as trustee for A., and to pay the interest annually to A., and prayed that that sum be not distributed. A. afterwards died.

*Held,* that the administrator of A. had no valid claim for the $400 against the estate of B.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*J. U. Gorman, A. E. Paige* and *S. O. Bayless,* for appellees.

FRANKLIN, C.—Appellant, as the administrator of Hannah Wilson, filed a claim against appellee Caldwell, as administrator of the estate of Joseph Pitman, and others, alleging that Caldwell, as such administrator, had in his hands some four hundred dollars, with the interest thereon, belonging to said estate of Hannah Wilson ; and that the other defendants, as heirs of said Joseph Pitman, claimed an interest therein.

Issue was formed by a denial. Trial by the court, and a finding for defendants. Over a motion for a new trial, judgment was rendered for the defendants. The error assigned in this court is the overruling of the motion for a new trial.

The reasons assigned for a new trial are, that the finding of the court was not sustained by sufficient evidence, and was contrary to the evidence.

The facts as shown by the evidence are substantially as follows : The said Hannah Wilson, deceased, had formerly been the wife of one Calvin Pitman, who, on the 3d day of November, 1843, by his will, gave to his said wife, at his death, a life-estate in a certain described one hundred and twenty acres of land, and at her death remainder over to his son Charles, his daughter Susannah Fowler, and his daughter Rebecca De Witt, giving to each a certain portion thereof.

According to the copy of the will in the record the description of the lands in the remainder interests is all confused, the shares lapping over each other, and embracing lands not willed to the wife during her life. There is, doubtless, a misdescription of the lands in the remainder interests.

The date of the death of Calvin Pitman is not shown ; but probate of his will was made November 18th, 1843.

Joseph Pitman died June 14th, 1866, and appellee Caldwell was appointed his administrator.

Hannah Wilson died May 16th, 1878, at the age of 89 years, and appellant was appointed her administrator.

Joseph Pitman, by some means not shown by the record, appears to have become the owner of forty acres of the 120 acres of land willed to Mrs. Wilson during her life, and on the 27th day of June, 1856, he and his wife, with Mrs. Hannah Wilson, sold and conveyed the remaining eighty acres of said land to other parties, for the sum of $2,000, $1,200 of which was paid to Joseph, and a note was given for the balance $800, the interest to be annually paid to Mrs. Wilson, and the principal, at her death, to be paid to Joseph, and a mortgage upon the premises was executed and properly recorded, to secure the payment of the interest to Hannah and the principal to Joseph.

Joseph was a son of the said Calvin Pitman and Mrs. Wilson.

The record does not show why Joseph and wife united with Mrs. Wilson in this sale and conveyance, or what interest or claim he had in or to the remainder interest in the land, or what became of the remainder interests of his brother Charles and his sisters Susannah and Rebecca, or why the $1,200 was paid, and the principal in the $800 note was made payable, to Joseph Pitman.

Mrs. Wilson continued to receive the $48 interest on the $800 note until the year 1863, when, in a transfer of lands, Joseph assumed the payment of half of said interest, $24 per annum.

Appellee Caldwell had become the owner of a half interest in the eighty-acre tract of land, assuming the payment of half of the principal and interest of the $800 note, and had annually paid to Mrs. Wilson the $24 interest; also, Joseph's half after his death.

On the 28th day of March, 1863, Joseph Pitman entered on the record a release of the mortgage, and acknowledged satisfaction of the debt.

After Joseph's death and the appointment of appellee Caldwell as his administrator, Mrs. Wilson filed a claim against the estate for $400, money loaned, and interest after March 30th, 1867, claim dated May 8th, 1867, which was verified by her.

The record shows nothing about what was done with the claim, she having died about eleven years thereafter.

Appellee Caldwell, as such administrator, reported his doings in said estate at the October term of the common pleas court, 1867, and again at the February term, 1869, and again at the February term, 1870, in which last report he credits himself with: " Am't retained in trust for Hannah Pitman, $400; for present distribution, $436.41.

" The administrator would respectfully show the court that the above named Hannah Pitman " (the evidence shows that the said Hannah Wilson, after a divorce from Wilson, was known and went by the name of Hannah Pitman) " is the mother of Joseph Pitman, deceased; that, in the lifetime of decedent, he became obligated to his mother, the same Hannah, to pay her twenty-four dollars a year during her lifetime, that is to say, the interest at six per cent. on four hundred dollars during her natural life.

" The administrator would further show that it is the desire of the said Hannah as well as the heirs of decedent, that he become the custodian of said sum of four hundred dollars, and become the trustee to carry out the obligation of decedent aforesaid.

" He would further show that said four hundred dollars is at interest, and that he has regularly paid the interest to the said Hannah as it has become due; as shown by above report there is in his hands for distribution at present the sum of $436.41; that all the debts are paid, and all the obligations collected or assumed. Wherefore he prays an order to make distribution in his hands of said above amount; that his administration and trusteeship be continued for the purpose aforesaid; that he report from time to time upon them as in a sound discretion he should, and, upon the death of the said Hannah, he report and make distribution of the four hundred dollars so held by him in trust as above stated. All

of which is respectfully submitted." At the conclusion of which is the following memorandum : " No other report filed."

The record does not show that any of these reports were approved or acted upon by the court, or that the sound discretion of the administrator ever prompted him to further report.

The old lady, Mrs. Wilson, was very feeble, and, for the last twenty years of her life, unable to do anything, being afflicted with a cancer on her face, and was a very great charge, trouble and expense upon her children. The $48 interest per annum was but a very small pittance toward her support. She may have been defrauded out of her property and home by her son, but, if so, it was so long ago, in 1856, that the statute of limitations would have long since run against the fraud.' But we do not understand this cause of action to be based upon a charge of fraud in the original transaction, but upon a charge that appellee Caldwell had money in his hands belonging to and for the use and benefit of the estate which appellant represented. The claim is for the principal, $400, and not for interest due at her death.

We do not think that the facts proven in this case show that the $400 in the hands of Caldwell belonged to the estate of Hannah Wilson ; that the facts only show she had a claim to the interest thereon up to the time of her death ; and, as there is no allegation in the complaint, and nothing in the evidence showing that there was any interest thereon due at the time of her death, we think the evidence sustains the finding of the court below, and that the finding was not contrary to the evidence.

The court did not err in overruling the motion for a new trial. We find no error in the record.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things affirmed, with costs.

ON PETITION FOR A REHEARING.

FRANKLIN, C.—Since the petition for a rehearing was filed, the parties by their counsel have filed an agreement stating that, since this appeal was taken, appellee Caldwell has departed this life, and that John J. Caldwell has been appointed his administrator, and that his name be substituted for that of the deceased.

Appellant insists that the court erred in the original opinion herein in holding that the complaint was for a claim against Franklin D. Caldwell, as administrator of the estate of Joseph Pitman, instead of an individual claim against said Caldwell, and that the court erred in fixing the date of the senior Pitman's will in 1873, instead of 1843.

The error in relation to the date of the will is in appellant's counsel, and not in the opinion of the court. That states in figures as plain as can be made, that the will was executed on the 3d day of November, 1843, and probated on the 18th day of November, 1843.

Appellant's intestate received a life-estate in a certain eighty-acre tract of land, by the said will of her husband. She and her son, Joseph Pitman, united in a conveyance of said land on the 27th day of June, 1856, for the consideration of $2,000; by agreement, $1,200 of it was paid to Joseph, and a note given for $800. The principal of the note was made payable to Joseph at her death, and the interest was made payable annually to her, which she annually received until the year 1863, when one-half of the $800 was arranged between her and Joseph, leaving the other $400 to stand under the same arrangement, and the interest thereon was thereafter received by her so long as she lived, as well as the interest on the $400 arranged with Joseph.

Joseph died some time between 1863 and 1867, date not given; the widow died May 10th, 1878, as claimed by appellant, instead of May 16th, as stated in the opinion of the court; but the difference is not worth noticing. Appellant

was appointed administrator of the widow, and appellee Franklin D. Caldwell was appointed administrator of the estate of Joseph.

Caldwell, as such administrator, in 1870, charged himself with said $400 in trust, the interest to be paid to the widow so long as she lived, and at her death the principal to be paid to the heirs of Joseph.   This suit was brought to recover that $400, making Joseph's heirs co-defendants, alleging that they claimed the money, or an interest therein.   The right to the principal of this fund, at the death of his mother, was vested in Joseph and his heirs, ever since the year 1856 ; and this could only arise as a claim against his estate.   There was no fraud charged in the transaction, and there was nothing in the complaint to make appellee Caldwell personally liable to pay the $400.   Hence, we think the suit was against him as administrator, and not against him in his individual capacity. If it was against him individually, the appellant would be in no better condition, for he certainly would not be liable individually for the payment of the $400.

There was no error in the original opinion of the court. The petition for a rehearing ought to be overruled.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that John J. Caldwell, as administrator of the estate of Franklin D. Caldwell, be substituted as appellee, instead of Franklin D. Caldwell, and that the petition for a rehearing be and the same is in all things overruled, at the costs of appellant.